**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**CIVIL NO.** 1:25-cv-02620

**Chad Duncan, Individually and**
**On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**V.**

**Covenant Aviation Security, LLC,**

**Defendant.**

**JURY TRIAL DEMANDED**

# PLAINTIFF'S ORIGINAL COMPLAINT, COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND

1. Plaintiff Chad Duncan ("Plaintiff") brings this class and collective action on behalf of himself and other similarly situated individuals who have worked for Covenant Aviation Security LLC ("Defendant" or "Covenant") as security guards or in related security services, and other non-exempt hourly employees.[1] Throughout the relevant time period of this action, Plaintiff and similarly situated security guards have been denied payment for all hours worked, including overtime, and were denied meal and rest periods in compliance with Colorado law. Defendant violated the FLSA, Colorado state law and the Civil Wage Theft Ordinance, codified in the Denver Revised Municipal Code, §§ 58-1 *et seq*, by knowingly and willfully permitting Plaintiff, Class, and Collective members to perform work and/or remain on duty during their meal periods and rest breaks, subjecting them to interruptions during their meal periods and rest breaks. Plaintiff, Class, and Collective members also performed work before clocking in and after clocking out for which

[1] While the precise job titles may differ, Plaintiff hereinafter uses the term "security guard" interchangeably in referencing any of these similarly situated employees.

they were not compensated. Defendant had noticed that Plaintiff, Class, and Collective members expected to be paid for their work on an hourly basis. Defendant received value of Plaintiff, Class, and Collective members' work performed during their meal periods, rest breaks, and while "off-the-clock" without compensating them for their services. Defendant willfully, deliberately, and voluntarily failed to pay Plaintiff and Collective and Class members for work performed.

2. Plaintiff and Collective and Class members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendant was and is aware that Plaintiff and Collective and Class members perform this off-the-clock work, but failed to pay them at the applicable hourly and overtime rates for this work time. This practice violated and continues to violate the FLSA and Colorado state law.

3. Defendant's policies and practices result in security guards being denied wages due under the Fair Labor Standards Act and Colorado law. Under these policies and practices, non-exempt employees who provide security services were not completely relieved of duties during meal periods and rest breaks, and were denied pay for those on-duty meal periods and rest breaks. Defendant continues to require security guards to remain on duty and subject to interruptions during meal periods and rest breaks.

4. An employer is not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefits the employee. Defendant does not provide bona *fide meal* periods for its security guards. Security guards who work for Defendant are required to patrol the premises and report suspicious activity throughout their shift and are expected to perform duties while "off-the-clock." Instead of making security guards clock out for their meal periods then clock back in at the end of a meal period, Defendant assumes security guards can find a 30-minute block of time to enjoy a *bona fide* meal period. In fact, this does not typically occur. While hourly-paid security guards or employees in related security services are off-the-clock on their unpaid meal break, Defendant requires them to continue working. Under these policies and practices, non-exempt employees are subject to

work throughout their entire shift, including during unpaid meal periods, and are thus entitled to compensation.

5. Similarly, employees did not receive code compliant rest breaks. Under Colorado law an employee is entitled to a paid rest break of not less than 10 continuous minutes during which they are relieved of all duties. However, the security guards were not completely relieved of their duties. Rather, they were expected to remain on duty to perform tasks as Defendant required.

6. Defendant's conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. *See* 29 U.S.C. § 207(a).

7. Defendant's conduct violated and continues to violate Colorado state law because Colorado Wage Claim Act, C.R.S.A. § 8-4-101 and Colorado Minimum Wage Order No. 35 requires, for hourly employees like Plaintiff and the Class members, that hours worked in excess of forty per week be paid at a rate of one and one-half times the hourly rate for the number of hours worked in excess of forty. Defendant's conduct further violated the CWCA and Denver Minimum Wage because Plaintiff and Class members are required to be compensated for all hours worked during weeks in which they worked fewer than forty hours. Defendant's conduct further violated and continues to violate Colorado meal and rest period statutes.

8. Defendant's conduct violated and continues to violate Colorado's meal and rest period statutes. Because Defendant's conduct violated and continues to violate Colorado statutory wage and hour laws, Defendant is liable for the unpaid wages, penalty wages, and other statutory penalties as provided by Denver's Civil Wage Theft Ordinance, codified in the Denver Revised Municipal Code, §§ 58-1 *et seq*, attorneys' fees and costs, as well as pre- and post-judgment interest.

9. Plaintiff files this action to recover on behalf of himself, the Denver Class, and the putative Collective members, all unpaid wages, compensation, penalties, and other damages owed

to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendant has integrated into its timekeeping and payroll policies and which has deprived Plaintiff, Class, and Collective members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

10. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendant resides in this judicial district and are subject to personal jurisdiction here.

## PARTIES

12. Plaintiff Chad Duncan is an individual over the age of eighteen residing in Thornton, Colorado. Duncan has been employed as a security guard by Defendant since September 2024. He is currently employed by Defendant and holds the same job position.

13. The FLSA Collective members are people who are or who have been employed by Defendant as security guards or in related security services, and other similar hourly and non-exempt employees in the Colorado within the three years preceding the filing of this Complaint.

14. The Denver Class are all people who are or who have been employed by Defendant as security guards or in related security services and other similar hourly and non-exempt employees in Denver, Colorado within the three years preceding the filing of this Complaint.

15. Defendant Covenant Aviation Security LLC is a business headquartered in Illinois and authorized to do business in Colorado. Defendant may be served with process by serving its Registered Agent, Corporation Service Company at 1900 W Littleton Blvd, Littleton, Colorado 80120.

16. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

17. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

18. Plaintiff and Collective and Class members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

19. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20. Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

21. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are non-exempt workers engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes credit cards with banks in other states.

22. At all material times, Plaintiff, Class, and Collective members were and are employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**FACTS**

23. Defendant provides airport security and screening services in Colorado and across the United States.

24. Defendant employs hundreds of hourly non-exempt workers similarly situated to Plaintiff.

25. Defendant employs a payroll policy of not compensating hourly-paid security guards for work performed during their meal periods, subjecting them to interruptions and requiring them to remain on duty during those meal periods. This policy applies to all hourly-paid, non-exempt security guards who are responsible for patrolling and reporting suspicious activity.

26. Plaintiff is employed by Defendant as non-exempt security guard since September 2024 and is an hourly-paid employee. He is currently employed by Defendant and holds the same job position. As a security guard, Plaintiff's primary responsibilities included: providing security patrols of premises; reporting suspicious behavior, activity or concerns; conducting interval checks of facility doors, gates and to key controlled entry points; permitting only authorized persons to enter restricted areas; and screening and performing searches of individuals, among others.

27. Plaintiff is usually scheduled to work 40 hours per week. He usually works 5 days per week from 10:00 pm to 6:30 am.

28. Plaintiff is subject to Defendant's time, pay, meal and rest break, and overtime policies and practices. Plaintiff routinely performs work during his entire shift, is subject to interruptions during attempted meal and rest breaks, and in fact is interrupted or denied meal and rest breaks on a regular basis. Plaintiff also performs work while "off-the-clock" with Defendant's knowledge and is denied compensation for the time he spends engaged in this work.

29. Class and Collective members were and are employed by Defendant and performed work materially similar to Plaintiff.

30. Plaintiff, Class, and Collective members performed their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

31. Plaintiff, Class, and Collective members were required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

32. At the end of each pay period, Plaintiff, Class, and Collective members received wages from Defendant that were determined by common systems and methods that Defendant selected and controlled.

33. Defendant paid Plaintiff, Class, and Collective members on an hourly rate basis.

34. Plaintiff and each Collective member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

35. Each Class member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

36. When Plaintiff, Class, and Collective members worked more than forty hours in a workweek, Defendant did not pay them one and one-half times their regular hourly rate for all hours worked due to their failure to include time worked during meal periods, rest breaks, and "off-the-clock" in the total hours worked in a given work week. This unpaid time is compensable under the FLSA and Colorado law because: (1) Plaintiff, Class, and Collective members were not completely relieved of their duties; (2) they were interrupted or subject to interruptions with work duties during any attempted meal period and/or rest break; (3) they entirely skipped the meal and rest periods due to work demands; and (4) they performed work before clocking in and after clocking out for the benefit of Defendant and with Defendant's constructive knowledge.

37. For example, Plaintiff, Class and Collective members are effectively "on-call" whenever they do try to take such a break as they are required to take a radio with him and actively monitor it during any attempted rest or lunch breaks.

38. Supervisors have told Plaintiff to work during lunch, even if off-the-clock Throughout the relevant time period, Defendant expected and required Plaintiff, Class, and Collective members to be available to work during their entire shifts, even during any attempted meal or rest breaks. The 30-minute intervals of  time for meal periods constitute compensable time under the FLSA which requires that employers compensate employees for all time worked. These 30-minute intervals also constitute compensable time under state law because Colorado Minimum Wage Order No. 35 § 7 requires that employees who have worked at least five hours are entitled to a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties. If an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the time as an "on-duty" meal period. *Id*. Further, Colorado Minimum Wage Act No. 35 § 8 requires that every employer shall provide to each employee, for each segment of four hours or major part thereof worked in a work period, a rest

period of not less than ten continuous minutes during which the employee is relieved of all duties, without deduction from the employee's pay.

39. Defendant's method of paying Plaintiff and Collective and Class members was willful, and was not based on a good faith and reasonable belief that their conduct complied with either the FLSA or Colorado law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of individuals:

> **All current and former hourly, non-exempt employees, including but not limited to security guards or employees working on related security services, or other employees with similar job duties employed by Defendant nationwide during the time period three years prior to the filing of the original Complaint until resolution of this action (the "Collective").**

41. Defendant has not and does not compensate these employees for the unpaid meal breaks and "off-the-clock" overtime work as described above.

42. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by the Collective members.

43. Plaintiff has actual knowledge that Collective members have been denied compensation for time worked, including meal breaks worked or interrupted and "off-the-clock" work. In addition, Plaintiff has actual knowledge that Collective members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

44. Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendant subjected Collective members to its common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

45. Other security guards similarly situated to Plaintiff work, or have worked, for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, incomplete, or entirely missed due to work demands. Other security guards similarly situated to Plaintiff also performed compensable work while "off-the-clock," and were not paid overtime at the rate of one and one-half times their regular hourly rate for those "off-the-clock" hours.

46. Although Defendant permitted and/or required Collective members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty for meal breaks that were interrupted due to work demands and for "off-the-clock" work.

47. Collective members perform or have performed the same or similar work as Plaintiff.

48. Collective members regularly work or have worked in excess of forty hours during a workweek.

49. Collective members are not exempt from receiving overtime compensation under the FLSA.

50. Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

51. Although Plaintiff and Collective members may have different job titles and/or work in different facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant time period:

a. Defendant maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review

and revise or approve the schedules assigned to Plaintiff and Collective members;

b. Defendant maintained common timekeeping systems and policies with respect to Plaintiff and Collective members;

c. Defendant maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members; and

d. Defendant controlled the meal break work policies and practices at issue in this litigation and had the ability to deprive Plaintiff and Collective members of wages owed for meal break work they performed.

52. The specific job titles or precise job responsibilities of each Collective member does not prevent collective treatment.

53. Collective members, regardless of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for interrupted, on-duty, or missed meal breaks.

54. Collective members, regardless of their particular job requirements, are entitled to overtime compensation for hours worked "off-the-clock" in excess of forty during a workweek.

55. Although the exact amount of damages may vary among Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

56. Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Collective members. Defendant had a plan, policy or practice of not paying Plaintiff and Collective members for interrupted, incomplete, or missed meal breaks, as well as work performed "off-the-clock."

57. As such, the class of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 100 people or more. The precise number of Collective members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendant's records. Given the composition and size of the Class, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

## RULE 23 CLASS ACTION ALLEGATIONS

58. Plaintiff brings causes of action as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Denver Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, including but not limited to, security guards or employees working on related security services, or other employees with similar job duties employed by Defendant in Denver, Colorado at any time starting three years prior to the filing of this Complaint until resolution of this action.**

59. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

60. Numerosity: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Denver Class members exceeds one hundred employees. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Denver Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Denver Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of

resolving these claims. To require individual actions would prejudice the Denver Class and Defendant.

61. Commonality: There are questions of law and fact common to Plaintiff and the Denver Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

i. Whether Defendant failed to pay Plaintiff and Denver Class members for all hours worked;

ii. Whether Defendant paid Plaintiff and Denver Class members on an hourly basis;

iii. Whether Defendant failed to pay Plaintiff and Denver Class members at an overtime rate for all hours worked in excess of forty in a workweek;

iv. Whether Defendant failed to authorize and permit Plaintiff and Denver Class members to take a *bona fide* and uninterrupted meal break to which they were entitled under Colorado law;

v. Whether Defendant failed to authorize and permit Plaintiff and Denver Class members to take *bona fide* and uninterrupted rest breaks to which they were entitled under Colorado law;

vi. Whether Defendant failed to compensate Plaintiff and Denver Class members for work performed off-the-clock at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek in violation of Colorado law;

vii. Whether Plaintiff and Denver Class members are entitled to civil and statutory penalties;

viii. Whether Plaintiff and Denver Class members are entitled to liquidated damages; and

ix. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Denver Class as alleged herein.

62. Typicality: Plaintiff's claims are typical of the claims of the Denver Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Denver Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Denver Class.

63. Adequacy of Representation: Plaintiff does not have any conflicts of interest with other Denver Class members and will prosecute the case vigorously on behalf of the Denver Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Denver Class members.

64. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Denver Class members is not practicable, and questions of law and fact common to the Denver Class predominate over any questions affecting only individual members of the Denver Class. Each proposed Denver Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

65. In the alternative, the Denver Class may be certified because the prosecution of separate actions by the individual members of the Denver Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Denver Class which would establish incompatible standards of conduct for Defendant.

66. If each individual Denver Class member was required to file an individual lawsuit, Defendant would necessary gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Denver Class with Defendant's vastly superior financial legal resources.

Requiring each individual Denver Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Denver Class members who would be disinclined

to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF 29 U.S.C. § 207
## FAILURE TO PAY OVERTIME COMPENSATION

67. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

68. Plaintiff and Collective members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

69. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

70. Throughout the relevant time period, Defendant expected and required Plaintiff and Collective members to be available to work and/or to be on duty during their promised meal and rest breaks. Plaintiff and Collective members also performed work off-the-clock for which they were not compensated.

71. Plaintiff and Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

72. Defendant cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a *bona fide* meal periods, creating unpaid time worked, which resulted in employees working over 40 hours per week which was not compensated.

73. Defendant violated and continues to violate the FLSA by failing to pay Plaintiff and Collective members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

74. Defendant's failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

75. Because of Defendant's willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

76. Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

77. Wherefore, Plaintiff and the putative collective request relief as hereinafter provided.

78. Moreover, throughout the relevant time period, Defendant suffered and/or permitted Plaintiff to work additional time outside of his shift for work-related tasks.

79. Plaintiff was actively discouraged from logging time outside the parameters set by Defendant. However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of his scheduled shift, before he clocked in and after he clocked out. Upon information and belief, Defendant treated Collective members similarly with respect to "off-the-clock" work.

80. Accordingly, consistent with the policies and procedures set up by Defendant, Plaintiff performed work for which he was not compensated. Defendant's policies and practices favored Defendant at the expense of Plaintiff and Collective members.

81. Defendant violated and continue to violate the FLSA when it failed to pay Plaintiff and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff and Collective members suffered wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

82. Defendant's failure to pay overtime to Plaintiff and Collective members, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

83. Because of Defendant's willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

84. Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

85. Wherefore, Plaintiff and the putative Collective request relief as hereinafter provided.

## SECOND CLAIM FOR RELIEF
## PENALTIES PURSUANT TO DENVER REVISED MUNICIPAL CODE, § 58-6 FOR VIOLATIONS OF COLORADO WAGE CLAIM ACT, § 8-4-101 *ET SEQ*. FAILURE TO PAY OVERTIME (DENVER CLASS ACTION)

86. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

87. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act ("CWCA") and the Civil Wage Theft Ordinance, codified in the Denver Revised Municipal Code, §§ 58-1 *et seq*. ("DRMC"). At all relevant times, Defendant has employed and continues to employ "employees," including Plaintiff and the Class Members, within the meaning of the CWCA and the DRMC.

88. Pursuant to Colorado Minimum Wage Act No. 35 § 4, Defendant was required to pay Plaintiff and Denver Class members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

89. Defendant enacted a policy and/or practice that deprived Plaintiff and Denver Class members compensation for all hours worked in excess of forty in a workweek, including worked performed off-the-clock during interrupted meal breaks, and work duties performed "off-the-clock."

90. DRMC §58-6 provides a private right action to remedy unpaid wages violations.

91. Pursuant to DRMC, Plaintiff seeks to recover overtime wages, penalties, and liquidated damages from Defendant on behalf of himself and Denver Class for its failure pay overtime wages due under the CWCA and Colorado Minimum Wage Act. Particularly, DRMC §58-6 provides in part the following remedies against Defendant:

> (1) the payment of any wages unlawfully withheld . . . ;
> (2) interest on unpaid wages and overtime compensation . . . ;
> (3) a penalty in the amount of one hundred dollars ($100.00) to each worker whose rights under this article were violated for each day that the violation occurred or continued;
> (4) liquidated damages in an amount equal up to three (3) times the amount of unpaid wages and overtime compensation in connection with such wages;

92. Plaintiff has been damaged in an amount to be determined at trial. Plaintiff, on behalf of himself and the Class Members, hereby demands payment as contemplated by the DRMC in an amount sufficient to reimburse Plaintiff and the Denver Class Members for all unpaid overtime wages. Moreover, Defendant is liable to Plaintiff and the Denver Class Members for the penalties and liquidated damages as set forth in this Complaint, with interest thereon. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

93. Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

## THIRD CLAIM FOR RELIEF
## PENALTIES PURSUANT TO DENVER REVISED MUNICIPAL CODE, § 58-6 FOR VIOLATIONS OF COLORADO WAGE CLAIM ACT, § 8-4-101, *et seq.* AND DENVER REVISED MUNICIPAL CODE, §58-15
## FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED
## (DENVER CLASS ACTION)

94. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

95. Under Colorado Minimum Wage Order No. 35 § 3, employers must pay employees all wages to which they are entitled under the Minimum Wage Act. Further, Section 58-15 of the

DRMC provides that "every employer shall ensure its workers are paid no less that the Denver Minimum Wage".

96. As described above, Defendant maintains policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and Denver Class routinely work time off-the-clock without compensation for this time. For instance, Plaintiff and Denver Class are not compensated for time spent working during their meal and rest periods. This time spent working through meal and rest periods goes unrecorded and uncompensated. As a result, Defendant failed to pay Plaintiff and Denver Class members all regular, non-overtime wages due in violation of Colorado law and DRMC, § 58-15.

97. Pursuant to DRMC, Plaintiff seeks to recover minimum wages due, penalties, and liquidated damages from Defendant on behalf of himself and Denver Class for its failure pay minimum wages due under Colorado Minimum Wage Order No. 35 § 3 and DRMC §58-15. Particularly, DRMC §58-6 provides in part the following remedies against Defendant:

> (1) the payment of any wages unlawfully withheld . . . ;
> (2) interest on unpaid wages and overtime compensation . . . ;
> (3) a penalty in the amount of one hundred dollars ($100.00) to each worker whose rights under this article were violated for each day that the violation occurred or continued;
> (4) liquidated damages in an amount equal up to three (3) times the amount of unpaid wages and overtime compensation in connection with such wages;

98. Plaintiff has been damaged in an amount to be determined at trial. Plaintiff, on behalf of himself and the Class Members, hereby demands payment as contemplated by the DRMC in an amount sufficient to reimburse Plaintiff and the Denver Class Members for all unpaid minimum wages. Moreover, Defendant is liable to Plaintiff and the Denver Class Members for the penalties and liquidated damages as set forth in this Complaint, with interest thereon.

99. Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

**FOURTH CLAIM FOR RELIEF**
**PENALTIES PURSUANT TO DENVER REVISED MUNICIPAL CODE, § 58-6**
**FOR VIOLATIONS OF MINIMUM WAGE ORDER NO. 35 § 7**
**MEAL BREAK VIOLATIONS**

100. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

101. Pursuant to Colorado Minimum Wage Order No. 35 § 7, employees who have worked at least five hours are entitled to a meal period of at least 30 continuous minutes during which the employee is relieved of all duties. When uninterrupted meal periods are impractical, employees are permitted "on-duty" meals while performing their duties. Employees shall be fully compensated for "on-duty" meal periods without any loss of time or compensation *See* 7 CCR 1103-1 § 7.

102. Despite these requirements, Defendant knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiff and Denver Class the ability to take the meal to which they are entitled.

103. Because Plaintiff and Denver Class members' meal breaks were subject to interruption, were on duty, were not continuous, and were not relieved of all duties during the break, Plaintiff and Denver Class members should be reimbursed for back wages for the entire 30 minutes from each work day.

104. DRMC §58-6 provides a private right action to remedy unpaid wages violations.

105. Pursuant to DRMC, Plaintiff seeks to recover unpaid and "on duty" meal periods, penalties and liquidated damages from Defendant on behalf of himself and Denver Class as provided by the Colorado Minimum Wage Order No. 35 § 7. Particularly, DRMC §58-6 provides in part the following remedies against Defendant:

> (1) the payment of any wages unlawfully withheld . . . ;
> (2) interest on unpaid wages and overtime compensation . . . ;
> (3) a penalty in the amount of one hundred dollars ($100.00) to each worker whose rights under this article were violated for each day that the violation occurred or continued;

(4) liquidated damages in an amount equal up to three (3) times the amount of unpaid wages and overtime compensation in connection with such wages;

106. Plaintiff has been damaged in an amount to be determined at trial. Plaintiff, on behalf of himself and the Class Members, hereby demands payment as contemplated by the DRMC in an amount sufficient to reimburse Plaintiff and the Denver Class Members for violations of the meal period requirement. Moreover, Defendant is liable to Plaintiff and the Denver Class Members for the penalties and liquidated damages set forth in this Complaint, with interest thereon. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

107. Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

## FIFTH CLAIM FOR RELIEF
## PENALTIES PURSUANT TO DENVER REVISED MUNICIPAL CODE, § 58-6 FOR VIOLATION OF MINIMUM WAGE ORDER NO. 35 § 8 REST PERIOD VIOLATIONS (DENVER CLASS ACTION)

108. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

109. Pursuant to Colorado Minimum Wage Order No. 35 § 8, every employer is required to provide each employee, for each segment of four hours of work, a compensated rest period of not less than ten continuous minutes during which the employee is relieved of all duties, without deduction from the employee's pay. *See* 7 CCR 1103-1 § 8.

110. Plaintiff generally worked shifts lasting 8 to 10 hours per shift. Denver Class members worked similar shifts. Accordingly, Plaintiff and Denver Class members were entitled to two separate rest periods lasting 10 minutes each during which Plaintiff and Denver Class members should have been compensated and relieved of all duties. As discussed above, Plaintiff and Denver Class members are subject to interruption and are consistently denied requisite rest periods.

111. Plaintiff and Denver Class members are entitled to compensation for all missed rest periods in violation of the rest break requirements provided by Colorado law.

112. DRMC §58-6 provides a private right action to remedy unpaid wages violations.

113. Pursuant to DRMC, Plaintiff seeks to recover, all missed rest periods in violation of the rest break requirements, penalties and liquidated damages from Defendant on behalf of himself and Denver Class for its failure violations to pay rest periods requirements under the Colorado Minimum Wage Order No. 35 § 8.

114. Particularly, DRMC §58-6 provides in part the following remedies against Defendant:

> (1) the payment of any wages unlawfully withheld . . . ;
> (2) interest on unpaid wages and overtime compensation . . . ;
> (3) a penalty in the amount of one hundred dollars ($100.00) to each worker whose rights under this article were violated for each day that the violation occurred or continued;
> (4) liquidated damages in an amount equal up to three (3) times the amount of unpaid wages and overtime compensation in connection with such wages;

115. Plaintiff has been damaged in an amount to be determined at trial. Plaintiff, on behalf of himself and the Class Members, hereby demands payment as contemplated by the DRMC in an amount sufficient to reimburse Plaintiff and the Denver Class Members for all violations to rest period requirements. Moreover, Defendant is liable to Plaintiff and the Denver Class Members for the penalties and liquidated damages, as provided by DRMC, with interest thereon. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

116. Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

## **RELIEF SOUGHT**

117. Plaintiff and Collective and Class members are entitled to recover their unpaid overtime wage compensation.

118. Plaintiff and Collective members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

119. Plaintiff and Collective members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

120. Plaintiff and Collective members are entitled to declaratory relief stating Defendant's policies and practices as described herein are unlawful and in violation of the FLSA.

121. Plaintiff and Denver Class members are entitled to recover back wages for overtime pay at one-and-one-half times their regular rates of pay for their missed meal breaks, rest periods, and off-the-clock worked for each day worked during a workweek in which they worked more than 40 hours in a workweek.

122. Plaintiff and Denver Class members are entitled to recover back wages for meal period violations for 30 minutes at their regular hourly rate of pay for each day worked during a workweek in which they worked fewer than 40 hours in a workweek.

123. Plaintiff and Denver Class members are entitled to recover back wages for rest break violations for 20 minutes at their regular hourly rate of pay for each day worked during a workweek in which they worked fewer than 40 hours in a workweek.

124. Plaintiff and Denver Class members are entitled to penalties to the full extent provided under DRMC.

125. Plaintiff and Denver Class members are entitled to recover costs and a reasonable sum for attorney fees, pursuant to DRMC § 58-6 (a)(6).

126. Plaintiff and Denver Class members are entitled to declaratory relief stating Defendant's actions as described herein were and are unlawful.

**<u>PRAYER</u>**

127. For these reasons, Plaintiff, Class, and Collective members respectfully request that judgment be entered in their favor awarding the following relief:

i. An order preventing Defendant from retaliating in any way against Plaintiff and any Class member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

ii. An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

iii. An order finding that Defendant violated the FLSA;

iv. An order finding that Defendant violated the FLSA willfully;

v. All unpaid wages due under the FLSA;

vi. An equal amount as liquidated damages as allowed under the FLSA;

vii. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

viii. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

ix. An order finding that Defendant violated Colorado law;

x. All unpaid regular wages due under Colorado law to the extent same does not duplicate regular wages due under the FLSA;

xi. All unpaid overtime wages due under Colorado law to the extent same does not duplicate overtime wages due under the FLSA;

xii. All statutory penalty wages due under Colorado law;

xiii. All attorneys' fees, costs and disbursements as provided by Colorado law to the extent same does not duplicate fees due under the FLSA;

xiv. For an order awarding Plaintiff, Class, and Collective members pre- and post-judgment interest at the highest rates allowed by law;

xv. Such other and further relief to which Plaintiff, Class, and Collective members may be entitled at law or in equity.

Dated: August 20, 2025

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell
California Bar No. 166977
SCHNEIDER WALLACE COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105

*Attorneys for Plaintiff, Class, and Collective Members*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: August 20, 2025

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell
California Bar No. 166977
SCHNEIDER WALLACE COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105

*Attorneys for Plaintiff, Class, and Collective Members*